IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:15-CV-598-BO

| | |
|---|---|
| WILLIAM ALFRED ANDERSEN, IV, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> *Acting Commissioner of Social Security*, ) <br> ) <br> Defendant. ) | **O R D E R** |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on December 15, 2016, in Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on May 16, 2012, alleging disability beginning January 2, 2011. After initial denials, a hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's mental impairments were considered severe at step two, but were not found alone or in combination to meet or equal a listing at step three. At step four the ALJ concluded that plaintiff had the RFC to perform medium work with restrictions of: performing unskilled jobs that involve simple, routine, and repetitive tasks; only occasional contact with co-workers and the general public; and not performing high stress work that involves assembly line pace or that requires production quotas. The ALJ then found that plaintiff was unable to return to his past relevant work as a sales person, custom service clerk, and teacher aid, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the

national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The Court finds that the ALJ's decision in this instance is supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Plaintiff argues that the ALJ erred in failing to consider whether plaintiff could perform the mental demands of work on a sustained and continuous basis, asserting that plaintiff's mental impairments preclude even unskilled sedentary work. Plaintiff cites only one statement he made at the hearing to indicate that he cannot work. That statement indicated that he could not complete online training for his telemarketing job because his "concentration level isn't where I would like it to be." Tr. 32. Consistent with this stated difficulty with completing training and taking online examinations, the ALJ found that plaintiff could only perform unskilled work, meaning he cannot perform work that requires online training with examinations. Additionally, the ALJ considered this remark in finding that that plaintiff could not perform any of his past relevant work activities including work as a telemarketer. Tr. 19–20.

Plaintiff does not cite any other evidence from the record or from physicians, aside from this single statement, to corroborate his claim that he cannot work. The ALJ, in finding that plaintiff can perform medium level work with several limitations, relied on two non-examining physician opinions that were based on the record and that both support his RFC. Tr. 19; Ex. 5A

4
Case 5:15-cv-00598-BO   Document 22   Filed 01/24/17   Page 4 of 7

and 6A. Additionally, the ALJ specifically noted and gave significant weight to the conclusions drawn by the consultative examiner, Dr. Bachara, who concluded that plaintiff is able to understand, retain, and follow instructions, can perform simple repetitive tasks, appears to get along with other people, and would probably would be a good candidate for Vocational Rehabilitation. Tr. 419.

Because plaintiff does not cite to any contradictory medical opinion or evidence to support his contention that the ALJ's RFC was incorrectly made, because the ALJ expressly accounted for plaintiff's documented impairments in his RFC, and because the ALJ properly relied on physician examinations which supported his findings, the Court finds that the ALJ's RFC is supported by substantial evidence.

Plaintiff next argues that the ALJ erred in finding plaintiff's allegations not credible. In determining the credibility of a claimant's statements, the adjudicator must consider the entire case record, including objective medical evidence, the individual's own statements, information provided by treating or examining physicians or psychologists, and any other relevant evidence in the case record. *See* SSR 96-7p. An ALJ's credibility determination should be afforded great deference. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

Plaintiff alleges he is unable to perform work on a sustained and continuous basis because of anxiety and social phobia and argues that his testimony is supported by the medical evidence and is entitled to great weight.

The Count finds no reason to overturn the ALJ's credibility determination. Plaintiff does not cite to any corroborating evidence in the record, aside from his own statements made at the hearing, to support the credibility of those very same statements. The ALJ's credibility determination, on the other hand, is supported by record evidence. First, no physician gave an

5
Case 5:15-cv-00598-BO   Document 22   Filed 01/24/17   Page 5 of 7

opinion that plaintiff is unable to work, and the one physician that gave opinions—Dr. Bachara—indicated that plaintiff could perform work consistent with the ALJ's RFC. Likewise, many of plaintiff's own statements made to physicians are consistent with the ALJ's determination that he is able to work with limitations. For example, plaintiff indicated to physicians that he only had panic attacks when around strangers or in settings where he is not familiar with his surroundings, and indicated that his anxiety was reduced when with people he was comfortable with or in familiar settings. Tr. 489. The ALJ accounted for such anxiety by limiting plaintiff's RFC to work that required only occasional contact with co-workers and the general public. Plaintiff also indicated to physicians that if he was working on a task he could focus on, it would decrease his anxiety symptoms. Tr. 489. The ALJ expressly accommodated for such anxiety by limiting plaintiff's RFC to unskilled, simple, routine, repetitive tasks.

Finally, plaintiff's testimonial allegations of concentration problems from ADHD are not supported by the record and were properly discounted by the ALJ. Plaintiff only took medication for ADHD for about a month, indicating it was too expensive. Tr.38. He did not mention ADHD when examined by Dr. Bachara, and Dr. Bachara did not indicate any concentration limitations in his conclusions. Tr. 419. While plaintiff did mention ADHD with later physicians, no physician found he needed treatment for ADHD or opined that plaintiff has concentration problems. Tr. 483, 493.

For these reasons, the Court finds no reason to disturb the ALJ's credibility finding as it was supported by medical and other evidence in the record.

In summary, the evidence relied on by the ALJ, including physician opinions and plaintiff's own statements, supported his RFC and credibility findings. For this and all the

6
Case 5:15-cv-00598-BO   Document 22   Filed 01/24/17   Page 6 of 7

reasons discussed above, the Court finds that the RFC in this case is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 23 day of January, 2017.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE